UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LV DIAGNOSTICS, LLC, | Case No. 2:17-CV-1371 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| THE HARTFORD FINANCIAL SERVICES GROUP, INC., et al., | |
| Defendant(s). | |

Presently before the court is defendant Hartford Financial Services Group, Inc.'s ("Hartford") motion to dismiss. (ECF No. 5). Plaintiff has not filed a response, and the time for doing so has since passed.

Also before the court is defendant Hartford and defendant Sentinel Insurance Company, Ltd.'s ("Sentinel") joint motion to dismiss. (ECF No. 6). Plaintiff LV Diagnostics, LLC filed a response (ECF No. 10), to which defendants replied (ECF No. 12).

**I.      Facts**

Plaintiff and defendant Sentinel entered into an insurance contract covering the building and business personal property located at 600 South Martin Luther King Blvd., Las Vegas, Nevada. (ECF No. 1). The coverage dates for the policy ran from December 1, 2014 to December 1, 2015. *Id.* On April 8, 2015, someone broke into plaintiff's business and stole a large amount of plaintiff's medical and business equipment. *Id.* Plaintiff alleges that the equipment was covered by the policy. *Id.*

On April 13, 2015, plaintiff submitted a claim to defendants regarding the lost property. *Id.*. On June 15, 2015, defendants wrote to plaintiff, stating that in attempts to complete their

**James C. Mahan**
**U.S. District Judge**

investigation and adjustment of loss defendants needed additional documentation to support plaintiff's claim. *Id.* Plaintiff sent defendants the requested documentation. *Id.* On July 6, 2015, defendants again wrote plaintiff to state that the provided documentation was insufficient. *Id.* The letter requested additional records. *Id.*

Plaintiff states that on at least two occasions thereafter it provided defendants with supporting documentation. *Id.* "Each time the documentation was deemed insufficient by Defendants and the claim denied." *Id.*

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### a. Plantiff's claims against Hartford

As an initial matter, the court will grant defendant Hartford's unopposed motion to dismiss. Pursuant to LR 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." Plaintiff's failure to respond to defendant's motion constitutes consent to granting of the motion. Further, as defendant is not plaintiff's insurer and is not in privity with plaintiff, dismissal of plaintiff's claims against defendant is appropriate. *See Winkler v. Hartford Financial Services Group, Inc.*, no 2:10-cv-02222-RLH-LRL, 2011 WL 1705559, at *2 (D. Nev. May 3, 2011).

#### b. Plaintiff's second, third, fourth, and fifth claims

##### i. Breach of the covenant of good faith and fair dealing (contractual)

In Nevada, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr., Inc. v. Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989). This implied covenant requires that parties "act in a manner that is faithful to the purpose of the contract and the justified expectations of the other party." *Morris v. Bank of Am. Nev.*, 886 P.2d 454, 457 (Nev. 1994) (internal quotation marks omitted).

"When one party performs a contract in a manner that is unfaithful to the purpose of the contract . . . damages may be awarded against the party who does not act in good faith." *Hilton Hotels v. Butch Lewis Prods.*, 808 P.2d 919, 923 (Nev. 1991). A breach of the duty of good faith and fair dealing can occur "[w]here the terms of a contract are literally complied with but one party to the contract deliberately contravenes the intention and spirit of the contract." *Id.* at 922–23. However, when allegations in a complaint allege facts that establish a violation of the express terms of the policy, but do not suggest compliance with the policy, a claim for breach of the covenant of good faith and fair dealing unnecessarily duplicates a claim for breach of contract. *Kennedy v. Carriage Cemetery Servs.*, 727 F. Supp. 2d 925, 931 (D. Nev. 2010).

Here, plaintiff's allegations in its complaint, and specifically those in its second claim for relief, allege that defendants breached Sentinel's contract with plaintiff by "refusing to properly compensate plaintiff pursuant to its rightful claim for losses under said insurance contract." (ECF No. 1). These allegations do not support a claim that defendants abided by the express terms of the contract but contravened its spirit. Accordingly, the court will dismiss plaintiff's claim for breach of the contractual covenant of good faith and fair dealing without prejudice.

        *ii.    Tortious breach of the covenant of good faith and fair dealing/bad faith*

"To establish a prima facie case of bad-faith refusal to pay an insurance claim, the plaintiff must establish that the insurer had no reasonable basis for disputing coverage, and that the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." *Powers v. United Servs. Auto. Ass'n*, 962 P.2d 596, 604 (1998), *modified on denial of reh'g*, 979 P.2d 1286 (Nev. 1999) (citing *Falline v. GNLV Corp.*, 823 P.2d 888 (Nev. 1991)); *see also Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co.*, 863 F. Supp. 1237, 1249 (D. Nev. 1994) (refusing to find bad faith where insurance company investigated damage and requested documents, despite insured's argument that investigation was incomplete). Refusing to compensate for a loss covered by an insurance contract is a factual allegation of breach of contract, not breach of the covenant of good faith and fair dealing. *Id.* ("the insurer is not liable for [tortious] bad faith for being incorrect about policy coverage as long as the insurer had a reasonable basis to take the position that it did.").

Here, plaintiff asserts that its allegations regarding defendants' refusal to pay out plaintiff's claim after plaintiff provided four rounds of supporting documentation states a claim bad faith. (ECF Nos. 1, 10). The court disagrees. Neither these allegations, nor the other allegations in plaintiff's complaint, adequately allege that defendant lacked a reasonable basis for its denial or knew it lacked a reasonable basis to deny plaintiff's claim. As defendants note, "Plaintiff does not even allege the amount of coverage, the items claimed to be covered, or claim that the documentation submitted to Sentinel was sufficient." (ECF No. 6). The court will dismiss plaintiff's claim for tortious breach of the covenant of good faith and fair dealing without prejudice.

As the parties note in their filings, plaintiff's bad faith claim is duplicitous of plaintiff's tortious breach claim. (ECF Nos. 6, 10). The court will therefore dismiss plaintiff's claim for bad faith with prejudice.

        *iii.*     *Violation of NRS 686A.310*

As an initial note, plaintiff's complaint lists its fifth cause of action as "Unfair Trade Practices." However, both parties' filings related to defendants' motion to dismiss discuss NRS 686A.310 only. The title of subsection 300 of NRS 686A is "Claims," and the title of NRS 686A.310 is "Unfair practices in settling claims." *Compare id., with* NRS 598A ("Chapter 598A - Unfair Trade Practices"); *cf. McKinnon v. Hartford Ins. Co.*, No. 2:12-cv-01809-RCJ-CWH, 2013 WL 1088702 (D. Nev. Mar. 14, 2013) (using the term "Unfair Claims Practices Act" to describe NRS 686A.310). Accordingly, the court assumes that plaintiff intends her claim to state violations of NRS 686A.310, and will use the term "Unfair Claims Practices Act" for clarity.

Defendants argue that plaintiff's complaint fails to adequately plead a cause of action for violation of the Nevada Unfair Claims Practices Act. (ECF No. 6). Plaintiff responds that its complaint, when considered in its entirety, adequately pleads violations of NRS 686A.310. (ECF No. 10).

NRS 686A.310(1) sets forth various activities considered to be unfair claims practices. Nev. Rev. Stat. § 686A.310(1). In order to properly plead a violation of NRS 686A.310, a plaintiff must plausibly allege that defendant violated at least one provision of the act. *McKinnon*, 2013 WL 1088702, at *5.

Here, plaintiff's fifth cause of action alleges that defendants failed in their obligation to provide coverage on plaintiff's claim. This legal conclusion is not sufficient to defeat a motion to dismiss for failure to state a claim. *See Iqbal*, 556 U.S. at 678–79.

Plaintiff's fifth cause of action also incorporates by reference all prior allegations in the complaint. Plaintiff's complaint alleges that it corresponded back-and-forth with defendant on multiple occasions, and rests on this repeated correspondence along with defendant's eventual denial of plaintiff's claim to support its claim for violation of NRS 686A.310. As the court noted in its discussion of plaintiff's tortious breach of the covenant of good faith and fair dealing claim, plaintiff's complaint provides no more than conclusory statements that defendants improperly denied plaintiff's "rightful claim." This is not adequate to state a cause of action for breach of NRS 686A.310. *See McKinnon*, 2013 WL 1088702, at *5.

Plaintiff alleges that at minimum, defendant has violated subsections (d) and (e) of NRS 686A.310(1). These subsections pertain to "(d) [f]ailing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured. . . . [and] (e) [f]ailing to effectuate prompt, fair and equitable settlements of claims in which liability of the insured has become reasonably clear." NRS 686A.310(1).

Here, plaintiff's complaint states that defendants denied coverage after proof of loss requirements had been completed, and plaintiff does not assert that defendants' denial took an unreasonable amount of time. Therefore, plaintiff's complaint does not adequately plead that defendants violated subsection (d) of NRS 686A.310. *See McKinnon*, 2013 WL 1088702, at *5. Further, plaintiff's complaint, when stripped of its conclusory legal assertions, does not adequately plead that defendants' liability is reasonably clear under the contract. *See id.* The court will dismiss defendant's fifth cause of action without prejudice for failure to state a claim upon which relief can be granted.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Hartford's motion to dismiss (ECF No. 5) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that defendants Hartford and Sentinel's motion to dismiss (ECF No. 6) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's claims for contractual breach of the duty of good faith and fair dealing, tortious breach of the duty of good faith and fair dealing, and violation of NRS 686A.310 be, and the same hereby are, dismissed without prejudice. Plaintiff's claim for bad faith is dismissed with prejudice.

DATED January 31, 2018.

_____
UNITED STATES DISTRICT JUDGE